IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STERLING ELLIS, | : | |
| Petitioner, | : | 3:08-cv-1846 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| LOUIS FOLINO, *et al.*, | : | Hon. Martin C. Carlson |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

**July 5, 2011**

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson, filed on May 3, 2011, which recommends that the petition for habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Sterling Ellis ("Petitioner" or "Ellis") be denied and that a certificate of appealability should not issue. Petitioner has filed objections to the R&R, to which the Respondents have filed an opposition. Accordingly, this matter is ripe for our review.

For the reasons that follow, the R&R shall be adopted in its entirety, the petition shall be denied without a certificate of appealability, and the Clerk shall be directed to close this case.

## I. REVIEW OF MAGISTRATE JUDGE'S R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

### A. BACKGROUND

The facts and procedural history of this case are well known to the parties and the Court, thus we shall only briefly summarize them herein.[1] Following a two-day jury trial in the Court of Common Pleas of York County, Pennsylvania, Ellis was convicted of burglary and conspiracy. The crime, which had taken place in January 2004, involved and agreement between Ellis and four co-conspirators to

---

[1] Magistrate Judge Carlson undertakes a fulsome review of the factual background and procedural history of this matter at pages 1-14 of the R&R.

rob an elderly York County couple in their home. On August 16, 2004, the trial judge sentenced Ellis to two concurrent 10-to-20 year jail terms for the offenses, finding that there were "many aggravating circumstances in this case and no mitigating circumstances." (Doc. 43, p. 7).[2]

The instant petition, which was stayed until Petitioner's state court post-conviction proceedings had been fully litigated, presents essentially four claims to the Court. They are: (1) Ellis' assertion that trial counsel was ineffective in failing to object to the trial judge's jury charge; (2) Ellis' contention that counsel was ineffective in not resisting what Ellis regards as an excessive sentence in this case; and (3&4) that counsel's cross-examination of Detective Fetrow was ineffective and that the trial judge acted improperly by issuing a clarifying instruction regarding the Detective's conflicting testimony.[3]

---

[2] Specifically, the trial judge stated that Ellis "is totally without any hope of being rehabilitated and the only way to protect the public from his conduct and to prevent people - elderly people . . . from being victimized is to give him the maximum sentence permitted under the law for the offense." (Doc. 43, p. 8).

[3] At trial, Ellis' counsel attempted to elicit testimony from Detective Fetrow to establish that Ellis was less involved in criminal activity than his co-conspirators. At first, due to confusion, Detective Fetrow gave incorrect testimony regarding Ellis' involvement, which was corrected by the trial judge immediately. The trial judge also gave a clarifying instruction to the jury following Fetrow's testimony on this point.


**B.     RECOMMENDATION**

Magistrate Judge Carlson recommends that Ellis' petition be denied because the claims therein fail both because some of the claims are procedurally barred and because all of the claims advanced by Ellis are lacking in merit.

First, Magistrate Judge Carlson finds that Ellis' interrelated claims regarding the performance of trial counsel and the conduct of the trial judge with respect to Detective Fetrow's testimony are procedurally barred as well as meritless. Magistrate Judge Carlson notes that Ellis did not lodge a timely objection at trial, pursue these claims on direct appeal or address these issue in the state PCRA litigation, thus they are procedurally barred.  In any event, the Magistrate Judge concludes that Ellis' claims fail on their merits, finding that counsel was pursuing a tactically sound strategy, that being to draw a favorable distinction between his client and his co-conspirators in terms of relative culpability and that the trial judge's instruction to the jury "ensured that defense counsel's point was accurately conveyed and understood by the jury." (Doc. 43, p. 32).

Next, Magistrate Judge Carlson determines that Ellis' claim regarding the jury instructions fails because Ellis has not shown that the state court ruling regarding counsel's failure to object to the jury instructions was contrary to or involved an unreasonable application of clearly established case law, or was based

upon an unreasonable determination of the facts. Specifically, Ellis contended that the trial court's use of various examples in its closing instructions to the jury was erroneous. Magistrate Judge Carlson concluded, and we agree, that the trial judge provided the jury with careful, detailed instructions regarding the Commonwealth's burden of proof, the elements of the offenses, direct and circumstantial evidence, and the way in which the jury should perform its fact-finding functions. Simply put, the trial judge's instructions to the jury were not in error, and thus counsel was not ineffective for failing to object to the trial judge's instructions.

Finally, Magistrate Judge Carlson recommends that the petition be denied with respect Ellis' sentencing claims. Specifically, Magistrate Judge Carlson correctly notes that Ellis' argument that his 10-to-20 year sentence was excessive as a matter of law was expressly rejected by the state courts. Thus, because the trial judge's exercise of discretion in sentencing Petitioner was already found to be proper under state law by the state appellate courts, the only way this court could disturb would be if proof was shown that the sentencing outcome was a result of discrimination based on an impermissible factor. *United States v. Roberts*, 404 Fed. Appx. 624, 625 (3d Cir. 2010)(quotations omitted). Since no allegation or proof that Ellis' sentence was the product of some invidious discrimination was

presented on the petition, Magistrate Judge Carlson recommends that the claim be denied.

### C. OBJECTIONS

The Petitioner's objections to the R&R essentially voice his disagreement with the Magistrate Judge's conclusions that the claims in the petition should be denied and the Magistrate Judge's characterizations of the factual and procedural background of this case. Although Ellis invites this Court to reject the Magistrate Judge's recommendations, we find absolutely no reason to part company with Magistrate Judge Carlson's thorough review of Ellis' claims. As noted above, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. Our review of Magistrate Judge Carlson's R&R reveals a careful, well-reasoned and exhaustive analysis of the claims contained in the petition. We find absolutely no reason to disturb the Magistrate Judge's recommendation and shall adopt the same.[4]

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the Petitioner's objections are

---

[4] We shall also adopt Magistrate Judge Carlson's recommendation that a certificate of appealability should not issue in this case, because Petitioner's claims are either without merit or are procedurally defaulted.

overruled and the R&R shall be adopted in its entirety.  An appropriate Order shall issue.